UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA J. SHANAHAN, | No. 2:18-cv-0484-EFB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $13,749.22.  ECF No. 30.  Plaintiff was awarded past due benefits, and she has previously entered into a retainer agreement with her attorneys which provides that she would pay counsel 25 percent of any past-due benefits won as a result of the appeal in this case.  ECF No. 30-1.  The amount requested is 25% of the past due benefits awarded to plaintiff.  ECF Nos. 30, 30-2, 30-3.  Plaintiff's attorney spent 7.89 hours litigating the case in this court and counsel's paralegals spent 3.3 hours.  ECF No. 30-4.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

After this court remanded for further proceedings, plaintiff was found disabled and awarded past-due benefits. ECF No. 30 at 6; ECF Nos. 30-2 & 30-3. The Social Security Administration withheld from that award $13,789.25, which represented 25 percent of the award, for attorney fees. *Id.* at 3. This amount translates to a rate of about $1229 per attorney and paralegal hour. Counsel did not delay these proceedings, and their representation of plaintiff was not substandard. Indeed, they successfully represented their client's interests before this court. Based on the risk of loss taken in representing plaintiff, counsel's experience in the field of Social Security law, and the results achieved in this case, the court finds that fee request is reasonable. *See De Vivo v. Berryhill*, No. 1:15-cv-1332-EPG, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at effective hourly range of $1,116.26); *Jamieson v. Astrue*, No. 1:09cv0490 LJO DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fee at effective hourly rate of $1,169.49 reasonable); *Naddour v. Colvin*, No.: 13-CV-1407-BAS, 2016 WL 4248557 (S.D. Cal. Aug. 11, 2016) (awarding fee at effective hourly rate of $1,063); *Kazanjian v. Astrue*, No. 09 civ. 3678 (BMC), 2011 WL 2847439, at *1-2 (E.D.N.Y. July 15, 2011) (finding that counsel "performed well, diligently, and with unusual efficiency," and awarding fee at hourly rate of $2,100).

/////

In its response, the government states that it appears that $6,000 of the 25% fee award set aside by the Administration has already been paid to plaintiff's counsel. The letter sent from the Administration indicates that it set aside $13,749.25 of the benefits award as the 25% possibly payable to counsel, and that it separated out $6,000 from that amount as payable to counsel under a fee agreement. ECF No. 30-3 at 3-4. It is not clear that the government has paid the $6,000 to counsel, and counsel does not clarify the situation in his reply brief. He does state that he "is *not* seeking $6000 plus $13,749.25" but is instead seeking a total of $13,749.25. ECF No. 32. The court will resolve this issue by directing the agency to offset the fee award by any amount already forwarded to plaintiff's counsel.

Counsel concedes that the award should be offset by the fees previously awarded under the under the Equal Access to Justice Act ("EAJA"). ECF No. 30 at 6. Counsel requests that the court include in its ruling an order directing him to refund the EAJA fees previously awarded – $1,900.00 – to plaintiff. *Id*. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 30) is granted;

2. Plaintiff's counsel is awarded a total of $13,749.25.00 in fees pursuant to 42 U.S.C. § 406(b), offset by any sum already forwarded by the Administration from plaintiff's past due benefits to plaintiff's counsel; and

3. Upon receipt of the $13,749.25 award, counsel shall refund to plaintiff the sum of $1,900.00 previously awarded under the EAJA.

DATED: April 16, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE